IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Rory Stroklund, | ) | |
| | ) | **ORDER DENYING PLAINTIFF'S** |
| Plaintiff, | ) | **MOTION TO DISMISS** |
| | ) | |
| vs. | ) | |
| | ) | |
| Nabors Drilling USA, LP, | ) | Case No. 4:10-cv-005 |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is the Plaintiff's motion to dismiss filed on August 26, 2010. See Docket No. 9. On August 26, 2010, the Defendant filed a response. See Docket No. 10. The plaintiff, Rory Stroklund, requests the case be dismissed without prejudice while the defendant, Nabors Drilling USA, LP ("Nabors Drilling"), requests dismissal with prejudice.

On July 13, 2010, the Court issued an "Order Granting Defendant's Motion to Compel Arbitration" and stayed the action pending arbitration. See Docket No. 8. Nabors Drilling is concerned that by filing a motion to dismiss without prejudice, Stroklund is making "yet another attempt to avoid his obligation to arbitrate this matter and that he will re-file this matter in a manner designed to avoid arbitration." See Docket No. 10.

Rule 41(a) of the Federal Rules of Civil Procedure provides for the voluntary dismissal of an action by a plaintiff. A plaintiff may seek to dismiss an action without a court order by filing: "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). However, if the defendant served either an answer or a motion for summary judgment and if no stipulation of dismissal exists, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A court order granting voluntary dismissal is without prejudice "[u]nless the order states otherwise." Id.

Nabors Drilling has served an answer and there is no stipulation of dismissal, so dismissal can only be made by court order. "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." Paulucci v. City of Duluth, Minn., 826 F.2d 780, 782 (8th Cir. 1987). Whether to allow a plaintiff to voluntarily dismiss a case "rests upon the sound discretion of the [district] court." Hamm v. Rhone Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir. 1999). The Eighth Circuit Court of Appeals has recognized several factors to consider in determining whether to permit voluntary dismissal: "the reasons for seeking the dismissal, whether the result would be a waste of judicial time and effort, and whether the dismissal will prejudice the defendants." Cahalan v. Rohan, 423 F.3d 815, 818 (8th Cir. 2005). A plaintiff "may not dismiss simply to avoid an adverse decision or seek a more favorable forum." Id. (citing Hamm, 187 F.3d at 950).

Stroklund did not present any explanation for his desire to dismiss the complaint. Nabors Drilling contends that it informed Stroklund of his obligation to arbitrate prior to removal of this case to federal district court which occurred on February 5, 2010. Stroklund refused to arbitrate so Nabors Drilling filed a motion to compel arbitration which the Court granted. Allowing Stroklund to voluntarily dismiss without prejudice would prejudice Nabors Drilling and may result in a waste of judicial time and effort if Stroklund files another action without first arbitrating. Accordingly, the Court **DENIES** Stroklund's motion to dismiss without prejudice (Docket No. 9). This action is stayed pending arbitration.

**IT IS SO ORDERED.**

Dated this 10th day of September, 2010.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court

2